IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| DUSTIN CASEY MCCLURE, § | | |
| Institutional ID No. 2309997, § | | |
| SID No. 6999547, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | Civil Action No. 1:21-CV-00004-BU |
| § | | |
| BOBBY LUMPKIN, *et al.*, § | | |
| § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), this civil action was transferred to the undersigned United States magistrate judge. The findings, conclusions, and recommendation of the undersigned are as follows: that McClure's Complaint, and all claims alleged therein, be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for want of prosecution and failure to comply with previous orders of the Court.

I. BACKGROUND

Plaintiff Dustin McClure filed this action under 42 U.S.C. § 1983 on January 4, 2021. Dkt. No. 1. The Court previously granted McClure leave to proceed *in forma pauperis*, which subjects his complaint to the Court's preliminary screening measures under 28 U.S.C. § 1915(e)(2)(B). Dkt. No. 5. And because McClure, an inmate at the time, brings his suit against government officials, his Complaint is also subject to screening

1

under 28 U.S.C. § 1915A. The case was transferred to the undersigned to conduct the required preliminary screening. Dkt. No. 6.

The Court issued an Order Requiring McClure to file Notice of Intent to Proceed by March 29, 2023, upon recognizing that McClure had been released from TDCJ but had failed to provide the Court an updated address. Dkt. No. 15. In order to allow McClure time to respond to the Court's Order, the Court entered a stay and administratively closed the case. Dkt. No. 16. As of March 30, 2023, all the Court's Orders (Dkt. Nos. 14, 15, 16) mailed to McClure have been returned by the United States Postal Service as "not deliverable as addressed" and "unable to forward." Dkt. No. 17. Additionally, at least one of the envelopes was marked with the notation, "discharged." *Id*. at 1.

## II.   DISMISSAL UNDER RULE 41(b)

Federal Rule of Civil Procedure 41(b) allows a court to *sua sponte* dismiss an action "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules or any court order. Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383–84 (5th Cir. 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order.") (citing FED. R. CIV. P. 41(B); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))). Generally, such dismissal is without prejudice. Dismissal under Rule 41(b) may be with or without prejudice, although a dismissal with prejudice for want of prosecution is an extreme sanction that

should be used only when a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996).

Dismissal without prejudice under Rule 41(b) is appropriate here. While McClure's failure to file a Notice and an updated address contravenes instructions provided in the Court's previous Orders, these failures appear to reflect an intent to abandon this lawsuit rather than purposeful delay or contumaciousness. But regardless, this case cannot proceed without McClure's compliance.

As stated in the Court's Order requiring a Notice of Intent to Proceed (Dkt. No. 15), McClure's failure to supplement his address contravenes instructions provided in the Court's Order granting McClure leave to proceed *in forma pauperis*. Dkt. No. 5. In the latter Order, the Court required McClure to "promptly notify the Court of any change of address by filing a written notice of change of address with the Clerk." *See* Dkt. No. 5 at 2, ¶ 8. "Failure to file such notice," the Court warned, "may result in this case being dismissed for want of prosecution." *Id*. And again in the Court's Questionnaire, McClure was ordered "to immediately notify the Court of any change of his address by filing a document captioned NOTICE OF CHANGE OF ADDRESS." Dkt. No. 9 at 2.

In the past, McClure updated his address with the Court on at least one occasion. *See* Dkt. No. 10. However, past compliance does not relieve McClure of this ongoing duty to supplement any change of address.

3

The Court is not required to delay the disposition of this case until such time as McClure updates his mailing address and complies with the Court's previous Orders. Any further efforts by the Court to serve additional Defendants or address McClure's claims are futile if the Court has no way to contact McClure. Because McClure has not updated the Clerk of Court with his current address, the Court should dismiss McClure's Complaint for want of prosecution and failure to comply with the Court's previous Orders.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned United States magistrate judge that McClure's Complaint, and all claims alleged therein, be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for want of prosecution and failure to comply with previous orders of the Court.

It is therefore ORDERED that the transfer of this case to the United States Magistrate Judge is terminated, and the case is hereby transferred back to the docket of the United States District Judge. This case shall hereinafter be designated as Civil Action No. 1:21-cv-4-H.

### IV.  RIGHT TO OBJECT

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); FED. R. CIV. P. 72(B). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's

4

Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 4th day of April, 2023.

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE